NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID PAUL GUARINO, *Appellant.*

No. 1 CA-CR 13-0520
FILED 4-22-2014

Appeal from the Superior Court in Mohave County
No. S8015CR201200341
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**J O H N S E N**, Judge:

**¶1**      This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), following David Paul Guarino's conviction of theft, a Class 3 felony. Guarino's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999). Guarino was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Guarino's conviction and sentence.

### FACTS AND PROCEDURAL HISTORY

**¶2**      Police came to Guarino's home to investigate a burglary.[1] There they noticed a six-foot safe that matched the description of one reported stolen from a home a few weeks before. The safe appeared to have been broken into. Officers brought the burglary victims to Guarino's home, where the victims identified several other items stolen from them. Some of the property found in Guarino's home was in a box bearing the victims' names and address. Paperwork belonging to the victims, including bills and receipts, was found in Guarino's trash.

**¶3**      Guarino did not claim to own the property and repeatedly apologized to the victims while they were at his home, but asserted he did not know the items had been stolen. Guarino claimed the items were given to him by an acquaintance who said he found them in a vacant house. Although Guarino knew his acquaintance had been convicted of burglary, he asserted he did not believe the property was stolen because

---

[1]      Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Guarino. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2, 986 P.2d 897, 898 (App. 1998).

he had told his acquaintance not to bring stolen property to his house. Guarino told police the acquaintance informed him the items were stolen just 15 minutes before police arrived at his house.

¶4        A jury found Guarino guilty of theft of property with a value of $4,000 or more pursuant to Arizona Revised Statutes ("A.R.S.") section 13-1802(A)(5), (G) (2014), and the court sentenced him to a presumptive term of 11.25 years' incarceration.[2]

¶5        Guarino timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2014), 13-4031 (2014) and -4033 (2014).

## DISCUSSION

¶6        The record reflects Guarino received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings. It did not conduct a voluntariness hearing, but the record does not suggest a question about the voluntariness of Guarino's statements to police. *See State v. Smith*, 114 Ariz. 415, 419, 561 P.2d 739, 743 (1977); *State v. Finn*, 111 Ariz. 271, 275, 528 P.2d 615, 619 (1974).

¶7        The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of eight members. The court properly instructed the jury on the elements of the charge, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, and Guarino declined to have the jury polled. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed a legal sentence for the crime of which Guarino was convicted.

## CONCLUSION

¶8        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881.

¶9        After the filing of this decision, defense counsel's obligations pertaining to Guarino's representation in this appeal have ended. Defense counsel need do no more than inform Guarino of the outcome of this

---

[2]        Absent material revision after the date of the alleged offense, we cite a statute's current version.

appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). On the court's own motion, Guarino has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Guarino has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: MJT